# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL WHITE,

                       Plaintiff,

v.

DIANE M. RESCH-DONOHOO,
DAVID M. REDDY, DAVID BRETL,
DAVID GRAVES, KURT PICKNELL,
JOHN CZERWINSKI, MATHEW
WEBER, CRAIG KONOPSKI, ALEX
TORRES, GERALD POST, KIRK
DODGE, TIMOTHY OTTERBACHER,
MICHAEL LAMBERT, PHYLUS
MURRAY, NATALIE MURRAY, and
ALEXANDRA PAULY,

                       Defendants.

Case No. 18-CV-1545-JPS

**ORDER**

Plaintiff Daniel White, who is currently incarcerated at the Sturtevant Transitional Facility and is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. (Docket #1). This case is currently assigned to Magistrate Judge Nancy Joseph; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a District Court judge for the limited purpose of screening the complaint. This case will be returned to Magistrate Joseph for further proceedings after entry of this order. Plaintiff has paid the full filing fee.

Regardless of Plaintiff's fee status, the court must screen complaints brought by prisoners seeking relief against a governmental entity or an

officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations concern his September 22, 2012 arrest and subsequent trial. Plaintiff claims that after retrieving his daughter's kitten from the neighbors, defendants Deputy Mathew Weber ("Weber") and Deputy John Czerwinski ("Czerwinski") of the Walworth County Police Department appeared at his gate and requested that he talk with them. Plaintiff alleges that Weber and Czerwinski then commanded him to bring

his I.D. and put his dogs in the house. Plaintiff claims that he agreed to talk with Weber and Czerwinski, but only through the fence. Plaintiff states that Weber and Czerwinski then ordered him to come out from behind the fence. When he refused, stating "don't you know there is a constitution and I have rights," Weber and Czerwinski used "unnecessary excessive force." (Docket #1 at 7).

Specifically, Plaintiff claims that after he invoked his constitutional rights, Weber and Czerwinski began to break the gate, pulling off the wire cable that helped secure the fence, snapping boards off the fence, and breaking the metal locking mechanism inside the gate. Plaintiff claims that Weber and Czerwinski did not have a warrant to enter his property.

Once Weber and Czerwinski succeeded in opening the gate, Plaintiff alleges that his dogs escaped, and he and his wife went to retrieve them. On his way back into the property, Plaintiff alleges that Czerwinski "grabbed [Plaintiff] in a bear hug and propelled him inside of the fence driving [Plaintiff] and himself to the pavement." *Id.* at 8.

The remainder of Plaintiff's complaint concerns what happened at his trial, including actions of Defendants Assistant District Attorney Diane Resch-Donohoo, Judge David Reddy, Walworth County Administrator and Corporation Counsel David Bretl, the deputies present during the trial (Deputy Craig Konopski, Deputy Alex Torres, Deputy Gerald Post Jr., Deputy Kirk Dodge, Deputy Timothy Otterbacher, and Detective Michael Lambert), and witnesses who testified during the trial (Phylus Murray, Natalie Murray, and Alexandra Pauly). Plaintiff claims that exculpatory evidence was hidden, the jury was intimidated, and evidence was

excluded contrary to law. He demands punitive and compensatory damages as well as a new trial.

Plaintiff's allegations related to his arrest on September 22, 2012 pass the low bar at screening to state Fourth Amendment claims against Czerwinski and Weber for unlawfully entering Plaintiff's property without a warrant and use of excessive force. Plaintiff may not, however, proceed against Sheriff David Graves and Sherriff Kurt Picknell for these Fourth Amendment violations. Plaintiff alleges that these men are also liable because they allowed their subordinates to violate Plaintiff's Fourth Amendment rights on September 22, 2012. For supervisory liability to attach in a Section 1983 case, the plaintiff must show that the constitutional violation occurred at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrandt v. Ill. Dept. of Natural Res.*, 347 F. 3d 1014, 1039 (7th Cir. 2003). Plaintiff did not allege that Sheriffs Graves or Picknell had any knowledge of the September 22, 2012 actions of Czerwinski and Weber. Thus, defendants David Graves and Kurt Picknell will be dismissed from this case.

Further, none of Plaintiff's claims concerning the alleged malfeasance at trial, including suppressed evidence, false testimony, and jury intimidation, can go forward in this case. First, with regard to his claims against defendants Phylus Murray, Natalie Murray, and Alexandra Pauly, a claim under Section 1983 is not appropriate because these defendants did not act under the color of state law. Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F. 3d 592, 595–96 (7th Cir. 2009). These three defendants are not public employees, but neighbors or

witnesses to the September 22, 2012 incident. Thus, defendants Phylus Murray, Natalie Murray, and Alexandra Pauly will be dismissed from this suit.

As to the remaining allegations related to his trial, Section 1983 is not the appropriate vehicle for Plaintiff to bring these claims. For any claims relating to the state court judge's rulings, Plaintiff should avail himself of the state appellate court process. For all other claims relating to the trial, a habeas corpus action under 28 U.S.C. § 2254 is the exclusive remedy, whether the demand is for earlier release from prison, *Preiser v. Rodriguez*, 411 U.S. 475 (1973), or to recover damages, *Heck v. Humphrey*, 512 U.S. 477 (1994). Where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the [Section 1983] complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. In other words, a plaintiff has to first show that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

Plaintiff's claims relating to his trial necessarily imply the invalidity of his conviction. Many of his allegations concern claims that could be characterized as violations under *Brady v. Maryland*, 373 U.S. 83 (1963), because they concern evidence favorable to Plaintiff that he is alleging was suppressed and caused prejudice. Success on a *Brady* claim "necessarily yields evidence undermining a conviction," because if *Brady* violations are found, they are material to the conviction and will determine whether the

plaintiff is lawfully imprisoned. *Skinner v. Switzer*, 562 U.S. 521, 536 (2011). Plaintiff's remaining allegations related to his trial concern various defendants allegedly intimidating the jury. Again, if true, the necessary implication here would be the invalidity of the conviction. "Efforts . . . at a trial to intimidate judge, jury, or witnesses violate the most elementary principles of a fair trial." *Smith v. Farley* 59 F. 3d 659, 665 (7th Cir. 1995). If Plaintiff could show that Defendants unlawfully intimidated the jury, his trial would be found to be unfair, and his conviction overturned.[1]

Therefore, because Plaintiff's exclusive remedy for his claims relating to his trial is a writ of habeas corpus, his claims under Section 1983 as they relate to his trial must be dismissed. As such, the court will dismiss the defendants who are named in Plaintiff's complaint solely for their involvement in the alleged trial-related misconduct: Diane Resch-Donohoo, David Reddy, David Bretl, Craig Konopski, Alex Torres, Gerald Post Jr., Kirk Dodge, Timothy Otterbacher, and Michael Lambert.

In sum, Plaintiff will be permitted to proceed on Fourth Amendment claims against Defendants Czerwinski and Weber for unlawfully entering Plaintiff's property without a warrant and use of excessive force during his September 22, 2012 arrest. 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Defendants Diane Resch-Donohoo, David M. Reddy, David Bretl, David Graves, Kurt Picknell, Craig Konopski, Alex Torres, Gerald Post Jr., Kirk Dodge, Timothy Otterbacher, Michael

---

[1]Plaintiff's Fourth Amendment claims, by contrast, are not barred by *Heck* because whether Plaintiff's Fourth Amendment rights were violated on September 22, 2012 does not necessarily invalidate his conviction. *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010).

Lambert, Phylus Murray, Natalie Murray, and Alexandra Pauly be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal serve a copy of the complaint and this order on Defendants John Czerwinski and Mathew Weber under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants John Czerwinski and Mathew Weber file a responsive pleading to this complaint;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that Plaintiff mail all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

Page 7 of 8

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The Court advises Plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the Court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **RETURNED** to Magistrate Judge Nancy Joseph for further proceedings.

Dated at Milwaukee, Wisconsin, this 5th day of March, 2019.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge