# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL WHITE,

        Plaintiff,

v.

JOHN CZERWINKSI and
MATHEW WEBER,

        Defendants.

Case No. 18-CV-1545-JPS

**ORDER**

    Plaintiff alleges that Defendants violated his Fourth Amendment rights in the context of a search of his home and his arrest on September 22, 2012. (Docket #1). He filed this lawsuit on October 1, 2018. *Id.* Defendants have filed a motion to dismiss the action, noting that it was initiated beyond the applicable six-year statute of limitations. (Docket #17); *see Gray v. Lacke*, 885 F.2d 399, 407–09 (7th Cir. 1989). Plaintiff does not dispute this. (Docket #21). Instead, he contends that he had issues getting his complaint notarized, which caused it to be filed a few weeks beyond the limitations period. *Id.*

    The Court must reject Plaintiff's excuse. There is no requirement that a complaint be notarized. *See* Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed by . . . a party personally if the party is unrepresented. . . . Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit."). All Plaintiff had to do was sign the document. Thus, his difficulties with notarization supply no basis to justify the tardy filing.

The only argument which might save Plaintiff's action is one for equitable tolling. Equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Savory v. Lyons*, 469 F.3d 667, 673 (7th Cir. 2006). It is "rarely granted." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The *Tucker* court instructed that,

> before the principles of equitable tolling apply, a petitioner must demonstrate, first, that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition. Second, he must also show that he has diligently pursued his claim, despite the obstacle.

*Id.* (citations omitted). The burden of showing that equitable tolling is appropriate lies with the asserting party. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

For equitable tolling to apply here, Plaintiff would need to show that he had been diligently pursuing his claims for the entire six years between the date of the incident and the filing of the complaint, but that extraordinary circumstances prevented him from filing his pleading any earlier. However, Plaintiff has not even invoked the equitable tolling doctrine, much less offered a compelling argument for its application to this case. The Court is doubtful that such an argument could be made. Six years is ample time to formulate a short complaint about one instance of an alleged Fourth Amendment violation.

In light of the foregoing, Defendants' motion to dismiss will be granted.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Docket #17) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge